United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHISH VARMAN PRASAD, ) | No. C 08-5620 MMC (PR) |
| Petitioner, ) | **ORDER GRANTING MOTION TO STAY PETITION; DIRECTING CLERK TO ADMINISTRATIVELY CLOSE FILE** |
| v. ) | |
| D.K. SISTO, Warden, ) | |
| Respondent. ) | **(Docket No. 9)** |
| _____ ) | |

On December 17, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition contains six claims, all of which petitioner asserts were exhausted in the state courts. On January 15, 2009, petitioner filed a motion to stay the petition while he returns to state court to exhaust a claim of ineffective assistance of appellate counsel. In support of his motion petitioner states that his present petition is timely filed, but if the stay is not granted and he must withdraw his petition in order to exhaust his unexhausted claim, his subsequently-filed petition will be untimely.[1]

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v.

---

[1] According to petitioner, his direct appeal was completed on August 13, 2008, when the California Supreme Court denied his petition for review; consequently, the one-year statute of limitations for filing a federal habeas corpus petition began to run ninety days later, on November 12, 2008. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, without further tolling, petitioner has until November 12, 2009 to file a timely petition. See 28 U.S.C. § 2244(d)(1).

Webber, 544 U.S. 269, 277-78 (2005).  In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  Id. at 277-78.

The instant case is distinguishable from Rhines in that petitioner has not filed a mixed petition; rather, in an attempt to avoid doing so, he has filed a fully-exhausted petition and asked for a stay while he returns to state court to exhaust an unexhausted claim that he did not (and could not) raise on appeal.  The Court finds, in light of the fact that petitioner has identified the claim and moved for a stay months before the one-year habeas statute of limitations period will expire, that a stay in this case would not offend the stated purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  See id. at 277.  Further, granting a stay in this case would comport with the procedure approved in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), allowing for prisoners who run the risk of having the federal statute of limitations expire while they are exhausting their state remedies to avoid such predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."

It appears from petitioner's motion that there was good cause for petitioner not to have exhausted the ineffective assistance of appellate counsel claim before he filed his federal petition, and that he has not engaged in intentionally dilatory litigation tactics.  Further, the Court cannot say that petitioner's ineffective assistance of counsel claim (which has nine sub-parts) is meritless.  Accordingly, the motion for a stay will be granted.

Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the Court's stay, and amend his petition to add the new claim of ineffective assistance of appellate counsel. Petitioner must act diligently to file his state court petition and return promptly to federal

court after his state court proceedings have concluded.  If petitioner does not return within thirty days of exhausting the unexhausted claim, the claim may be subject to dismissal.  See Rhines, 544 U.S. at 278 (holding district courts may place reasonable time limits on petitioner's trip to state court and back).

For the foregoing reasons, and good cause appearing, petitioner's request for a stay is hereby GRANTED, and the above-titled action is hereby STAYED until petitioner files a motion to reopen as described above.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: February 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge

3