IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHISH VARMAN PRASAD, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> D.K. SISTO, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 08-5620 MMC (PR) <br><br> **ORDER GRANTING REQUEST TO LIFT STAY; DIRECTING CLERK TO ADMINISTRATIVELY REOPEN ACTION AND FILE AMENDED PETITION; DIRECTING RESPONDENT TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED** |

On December 17, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed February 2, 2009, the Court granted petitioner's request to stay the petition while he returned to state court to exhaust his unexhausted claim. Additionally, the Court directed the Clerk of the Court to administratively close the case while the stay remained in effect. Now pending before the Court is petitioner's request to reopen the case on the ground his claim is now exhausted. Additionally, petitioner has submitted for filing an amended petition that contains all of his exhausted claims.

Good cause appearing, the Court orders as follows:

1. Petitioner's request to reopen the instant action is hereby GRANTED.

2. The stay entered herein on February 2, 2009, is hereby LIFTED and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

3. The Clerk shall file and docket the amended petition submitted by petitioner with

his request.

    4. The Clerk shall serve by certified mail a copy of this order and the amended petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

    5. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

    6. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    7. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    8. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    9. Upon a showing of good cause, requests for a reasonable extension of time will be

1  granted as long as they are filed on or before the deadline they seek to extend.

2      IT IS SO ORDERED.

3  DATED: October 22, 2010

4  _____
MAXINE M. CHESNEY
United States District Judge